IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Case No. 22-10003-JWB

VICENTE G. RODRIGUEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for a sentence reduction. (Doc. 52.) The motion is ripe for decision.[1] (Doc. 54.) The motion is DENIED for the reasons stated herein.

**I.  Facts and Procedural History**

On March 6, 2023, Defendant pleaded guilty to two counts of use of a communication facility to facilitate the commission of a felony under the controlled substances act in violation of 21 U.S.C. § 843(b). (Doc. 44.) A presentence report ("PSR") was prepared by the probation office. (Doc. 45.) According to the PSR, Defendant was assessed a subtotal criminal history score of 6 as a result of his prior criminal convictions. (*Id.* ¶ 50.) Two points were added because Defendant committed the offense while under a criminal justice sentence which resulted in his total criminal history score being 8 and a criminal history category of IV. *Id.* Based on a total offense level of 31 and a criminal history category of IV, the calculated guideline imprisonment range was 151 to 188 months. (*Id.* ¶ 97.) However, because the statutory maximum sentence was less than the calculated guideline range, the guideline term of imprisonment became the statutory maximum sentence of 96 months. *Id.* (citing U.S.S.G. § 5G1.2(b)). On June 12, 2023, the court

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

adopted the PSR, varied downward, and sentenced Defendant to 40 months imprisonment on both counts to run consecutively for a total sentence of 80 months. (Docs. 50, 51.)

Defendant did not file an appeal. Defendant has filed a motion to reduce his sentence in accordance with the amended guidelines. The government objects on the basis that the amended guidelines do not impact Defendant's sentence.

## II.   Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of status points.

Defendant argues that his status points for committing the offense while under a criminal justice sentence would be reduced as a result of the amendment. Defendant is correct. Under the amendment, he would not be assessed any criminal history points. *See* U.S.S.G. § 4A1.1(e) (only assessing one point if the defendant had 7 or more criminal history points). Under the amended guidelines, Defendant's total criminal history score is 6 and his criminal history category is III. His total offense level would remain the same. This results in an amended calculated guideline range of 135–168 months. The amendment, however, provides no relief to Defendant because the statutory maximum sentence remains at 96 months.

## III.   Conclusion

2

Defendant's motion for a sentence reduction (Doc. 52) is DENIED.

IT IS SO ORDERED.  Dated this 28th day of March, 2024.

                                    \_\_s/ John Broomes_____
                                    JOHN W. BROOMES
                                    UNITED STATES DISTRICT JUDGE